July UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JERMAIL CRIMES,

               Petitioner,                         Case No. 09-10402

                                               Hon. Marianne O. Battani

v.

                                               Magistrate Judge Paul J. Komives

CATHERINE S. BAUMAN,

               Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR ENLARGEMENT OF
PAGE LIMIT IN ORDER TO FILE A RESPONSE TO THE MAGISTRATE'S REPORT
AND RECOMMENDATION AND STRIKING PETITIONER'S MOTION IN OPPOSITION
TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

       On July 14, 2011, this Court entered an Order Adopting Report and
Recommendation and Denying Petition for Writ of Habeas Corpus, and entered Judgment
for Respondent.  On July 22, the Court received Petitioner's Motion for Enlargement of
Page Limit in Order to File a Response to the Magistrate's Report and Recommendation.
(Doc. No. 23).  In conjunction with this motion, he filed a Motion in Opposition to the
Magistrate's Report and Recommendation (Doc. No. 23).  For the reasons that follow, the
Court **DENIES** the request for additional pages and **STRIKES** the motion in opposition.

**I.  PROCEDURAL BACKGROUND**

       Petitioner Michael Jermail Crimes filed a habeas corpus petition pursuant to 29
U.S.C. § 2254, challenging his state convictions and sentence for armed robbery and first-
degree home invasion.  Crimes subsequently moved to hold his petition in abeyance while
he pursued additional state remedies, a request the Court granted.  The Court reopened

the case after Crimes exhausted his state remedies.

The Court then referred this matter to Magistrate Judge Paul J. Komives pursuant to 28 U.S.C. § 636(b)(1) for a report and recommendation ("R&R").  On June 14, 2011, he issued his R&R.  The Magistrate Judge recommended that the Court deny Petitioner's Application for the Writ of Habeas Corpus and deny a certificate of appealability.  (Doc. No. 19, R&R at 33.)

## II.  STANDARD OF REVIEW

In United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981), the court held that a party must file objections to the magistrate judge's report and recommendation with the district court within the time permitted, or else waive the right to appeal.  See also Thomas v. Arn, 474 U.S. 140, 155 (1985) (affirming the Walters rule as a valid exercise of the court of appeal's supervisory power, provided litigants have "clear notice" of the rule "and an opportunity to seek an extension of time for filing objections").  Courts have enforced the waiver rule against pro se litigants.  See Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006); Kensu v. Haigh, 87 F.3d 172, 176 (6th Cir. 1996).

## III.  ANALYSIS

### A.  Extension of page limit

In his motion to extend the page limit, Crimes asks the Court for an additional ten pages in which to present his objections.  He notes that the R&R was thirty-five pages, and asserts that he cannot object and site relevant authority in a five-page objection.

This Court agrees; however, no such limitation was imposed.  In the R&R, the Magistrate Judge limited an opposing party's **response to timely filed objections** to five

pages.  (Doc. No. 19 at 34-35).  There is no limitation on the objections themselves.
Accordingly, Petitioner's motion to extend the page limit is **MOOT**.

### B.  Timeliness of Objections

Because neither party filed an objection to the Report and Recommendation within
the time limit, the Court adopted the Report and Recommendation, and denied the Petition
for Writ of Habeas Corpus and certificate of appealability.  The parties were on notice that
this result could occur because the Magistrate Judge informed the parties that objections
to the R&R must be filed within fourteen days of service and that a party's failure to file
objections would waive any further right of appeal.  See R&R at 34-35; 28 U.S.C. §
636(b)(1)(C) and Fed. R. Civ. P. 72 (b)(2).  In addition, Petitioner's Motion in Opposition to
the R&R was filed more than a month after the R&R was issued, and more than a week
after this Court entered a judgment for Respondent.  Crimes did not ask the Court for an
extension of the time limit and therefore the Motion in Opposition is **STRICKEN**.

## IV.  CONCLUSION

For the reasons stated, Petitioner's motion for an extension of the page limit is
**DENIED** and his objections are **STRICKEN**.  The Clerk of the Court is directed to annotate
the record to indicate that the Motion in Opposition to the Magistrate's Report and
Recommendation is stricken.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: August 3, 2011

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to counsel of record and petitioner on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager